**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340**



**WILLIAM J. MARTINI
      JUDGE**

**LETTER OPINION**

December 8, 2009

Julie Pearlman Schatz
Law Office of Richard M. Greenspan
220 Heatherdell Road
Ardsley, NY 10502
    *(Attorneys for Plaintiff)*

Calvary Baptist Church
575 East 18th Street
Paterson, NJ 07501
    *(Defendant)*

>    RE:    *John Ames, as Trustee of United Welfare Fund, Welfare Division v.
>              Calvary Baptist Church*
>              Civil Action No. 09-1391 (WJM)

Dear Litigants:

Plaintiff John Ames ("Ames"), as Trustee of United Welfare Fund, Welfare Division, brings this motion for default judgment against Defendant Calvary Baptist Church ("Calvary") pursuant to Fed. R. Civ. P. 55. The underlying complaint in this matter was for confirmation of a labor arbitration award in accordance with Section 9 of the Federal Arbitration Act ("FAA"). There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

Plaintiff United Welfare Fund (the "Fund") is a Taft-Hartley benefit fund that provides welfare and security benefits to eligible participants and beneficiaries.

1

Defendant Calvary is a religious association that has a collective bargaining agreement ("CBA") in place with a union affiliated with the Fund. The CBA provides that disputes between signatories will be submitted to final and binding arbitration. The CBA also requires Defendant to make certain monthly payments and contributions to the Fund.

Defendant allegedly failed to make mandatory payments to the Fund in November and December 2008 (the "first period of delinquency"). In accordance with the terms of the CBA, Plaintiff submitted the dispute for arbitration. Arbitrator Eugene T. Coughlin held a hearing on January 29, 2009 to consider the dispute. Defendant failed to appear at the hearing.

The arbitrator concluded that Plaintiff and Defendant were both parties to the CBA, that they had expressed an intention to arbitrate all disputes, that Defendant had been properly served with notice of the hearing, and that Defendant had failed to make full and timely contributions to the Fund on behalf of employees covered by the CBA in November and December 2008. The arbitrator awarded Plaintiff $31,221.50 in unpaid contributions, $13,695.50 in liquidated damages, $2,702.35 in interest, $1,500.00 in attorneys' fees, and $1,000 in arbitrator's fees, for a total award of $50,120.35. The award required the payment to be made in full by February 16, 2009. Defendant was subsequently served with a copy of the award and began making payments. Plaintiff did not seek to have the award confirmed by a district court, in accordance with Section 9 of the FAA, at that time, likely because Defendant appeared to be complying voluntarily.

However, Defendant allegedly failed to comply in full, paying $31,221.50 but leaving an unpaid balance of $18,898.85. Plaintiff also alleges that Defendant failed to make required payments to the Fund in February and March 2009 (the "second period of delinquency"). Thus, Plaintiff filed a complaint in federal district court on March 26, 2009, seeking confirmation of the award for the first period of delinquency, the $18,898.85 balance from that award, and $41,867.00 for the second period of delinquency. Plaintiff does not appear to have submitted the dispute from the second period of delinquency to arbitration.

Defendant was served with the summons and complaint on April 17, 2009 but failed to answer or otherwise respond. On August 3, 2009, the Clerk of the United States District Court for the District of New Jersey filed an entry of default under Fed. R. Civ. P. 55(a) for Defendant's failure to appear. Presently before the Court is Plaintiff's motion for default judgment, to enforce the Clerk's entry. The motion seeks confirmation of the January 29, 2009 arbitration award. It also seeks payment, interest, and liquidated damages for contributions that Defendant allegedly failed to make from June-August 2009 (the "third period of delinquency"). The dispute over the alleged third period of delinquency does not appear to have been submitted to arbitration either.

## II.     ANALYSIS

This Court has jurisdiction pursuant to Section 9 of the FAA to confirm an arbitration award and reduce it to judgment. 9 U.S.C.A. § 9. The Court also has jurisdiction to enforce a collective bargaining agreement ("CBA") generally. *United Paperworkers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987).

However, where the terms of a CBA provide for mandatory and binding arbitration, all disputes arising out of the agreement must be submitted to arbitration, and the Court is not permitted to consider the merits of such a claim.  *See id.* at 37-38 ("where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute"); *id.* ("[b]ecause the parties have contracted to have disputes settled by an arbitrator… rather than a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agree to accept"); *Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567-568 (1960) (where a labor contract states that all disputes will be submitted to mandatory and binding arbitration, the courts "have no business weighing the merits of the grievance").

Here, Plaintiff submitted its dispute over missed payments from the first delinquency period to an arbitrator and obtained an award.  Under the FAA, the Court has the authority to confirm that award, reduce it to a judgment, and order that Plaintiff shall recover the $18,898.85 balance from Defendant.  However, the disputes over the second and third alleged periods of delinquency have not been submitted to an arbitrator.  Therefore, the Court is powerless at this juncture to provide any relief with respect to these alleged additional periods of delinquency.  Because the terms of the CBA stated that all disputes would be submitted to arbitration, Plaintiff must first submit these claims to arbitration and obtain an award before this Court can order Plaintiff to recover additional sums from Defendant.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.  The arbitration award set forth in the Arbitration Award and Order issued on January 29, 2009 shall be confirmed, and Plaintiff shall recover from Defendant $18,898.85 ($50,120.35 from the award, minus the $31,221.50 already paid).  To the extent that Plaintiff has additional claims against Defendant arising out of the CBA, they must be submitted to arbitration, as was agreed upon by the parties in advance.


    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**